Filed 9/21/15  P. v. Baghumyan CA1/1
Received for posting 5/16/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMEN BAGHUMYAN,<br><br>    Defendant and Appellant. | A141245<br><br>(San Francisco City & County<br>Super. Ct. No. CT13023829)<br><br>ORDER RECALLING REMITTITUR<br>AND MODIFYING OPINION<br><br>[CHANGE IN JUDGMENT] |

BY THE COURT:

Good cause appearing, respondent's motion to recall the remittitur in the above-referenced matter is granted.  The remittitur issued by this court on September 1, 2015 is recalled, and the superior court clerk is directed to return the remittitur to this court for cancellation forthwith.  Once the clerk of this court is in receipt of the remittitur, the clerk is then directed to re-issue and re-file the opinion of this court originally filed on June 29, 2015.

Thereafter, on our own motion, we order the opinion modified as follows:

1. On page 1, the first sentence of the first paragraph shall be modified to read as follow:

1

Defendant Armen Baghumyan appeals from a judgment, following a jury trial and conviction of telephonic harassment (Pen. Code, § 653m),[1] a misdemeanor, and conviction by plea of obstructing a person's movement (§ 647c), also a misdemeanor.

There is no change to footnote 1.

2. On page 1, the third sentence of the first paragraph is modified to read as follows:
   The trial court sentenced him to 179 days in county jail, with credit for time served of 179 days.

3. On page 2, the last sentence on the page, which carries over to page 3 is modified to read as follows:
   Whether defendant's belated request that the jury be instructed that count 5, misdemeanor telephonic harassment, was a lesser included offense of the count 1 felony stalking offense was properly denied is moot given the jury's inability to reach a verdict on count 1 and the court's declaration of a mistrial.

4. On page 3, the second full paragraph beginning "The record does reflect an error . . . ." is deleted.

5. On page 3, the first sentence of the third full paragraph is modified to read as follows:
   Because the reporter's transcript indicates the court, itself, did not actually impose any fees and fines, we therefore reverse the fees and fines and remand the matter to the trial court to impose fees and fines as required and within the sound exercise of its discretion.

6. On page 3, the paragraph under the section titled "Disposition" is modified so that the words "and the clerk's minutes of February 7, 2014, and the commitment are

ordered corrected to show dismissal of count 1" are deleted. The paragraph should newly read as follows:

The matter is remanded for the imposition of fees and fines. In all other respects, the judgment is affirmed.

There is a change in the judgment. A new remittitur shall issue forthwith.

Dated: _____          _____ P.J.

3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARMEN BAGHUMYAN,<br><br>        Defendant and Appellant. | A141245<br><br>(San Francisco City & County<br>Super. Ct. No. 220864) |

Defendant Armen Baghumyan appeals from a judgment, following a jury trial and conviction of telephonic harassment (Pen. Code, § 653m),[2] a misdemeanor.  He was found innocent of one count of misdemeanor battery (§ 243, subd. (e)(1)), and the jury was unable to reach verdicts on three other charges, stalking (§ 646.9), criminal threats (§ 422), and a second charge of misdemeanor battery.  The trial court sentenced him to 179 days in county jail, with credit for time served of 179 days, and dismissed the latter charges.  The court also issued a 10-year stay away order.  Defendant's appellate counsel raises no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to the defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, and did so.  The court then asked for further briefing on a sentencing issue, which both parties provided.  Upon independent review of the record, we have

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

1

determined the matter must be remanded for imposition of fines and fees, but otherwise affirm.

## BACKGROUND

On August 26, 2013, the San Francisco District Attorney filed a domestic violence felony complaint, alleging three counts (one felony and two misdemeanors). A preliminary hearing was held on September 6, and defendant was held to answer on the felony charge. On September 12, the district attorney filed a five-count information, charging defendant with stalking, criminal threats, two counts of misdemeanor battery and telephonic harassment.

Defendant made a section 995 motion as to the stalking and criminal threat charges, based on the transcript of the preliminary hearing, on the ground defendant had made no unequivocal, immediate and specific threat. The district attorney opposed the motion, and the trial court denied it.

Trial commenced on December 16. The prosecution called eight witnesses, including the victim, Sona Hovhannisyan.

Hovhannisyan testified about her initial romantic relationship with defendant during September 2012, which ended a month later. Defendant nevertheless called her and eventually began leaving offensive voice messages after the relationship resumed in February 2013. Hovhannisyan tried to cut off further telephone contact with defendant in June 2013. Defendant's telephone calls and abusive messages continued, and between June 19 and August 22, he left many profane and abusive messages. In August, his messages became threatening. At that point, she called the police.

## DISCUSSION

Defendant was ably represented by counsel at all times. The trial court properly denied the section 995 motion. Trial timely commenced. There was no error in the instructions given. Whether defendant's belated request that the jury be instructed that count 5, misdemeanor telephonic harassment, was a lesser included offense of the count 1 felony stalking offense was properly denied is moot given the jury's inability to reach a verdict on count 1 and the court's declaration of a mistrial and subsequent dismissal of

2

the charge.  We therefore do not consider it.  The jury's verdict that defendant was guilty of telephonic harassment is supported by substantial evidence, namely Hovhannisyan's testimony.

The trial court did not abuse its discretion in sentencing defendant to 179 days in the county jail, with credit for time served of 179 days, and the court properly issued a 10-year protective order.

The record does reflect an error, however, in connection with the imposition of fines and fees, and in the court minutes and commitment.  The court minutes of February 7, 2014, indicate defendant was ordered to pay the following:  a restitution fine of $150 pursuant to section 1202.4; a court operations assessment of $40 pursuant to section 1465.8, and immediate critical needs assessment of $30 pursuant to Government Code section 70373, subdivision (a), for "each" misdemeanor.  The minutes and commitment, in turn, indicate a finding a guilty ("G") on both counts 1 and 5.  However, as stated above, a mistrial was declared as to count 1, and it was subsequently dismissed.  Defendant was found guilty only of count 5, misdemeanor telephonic harassment.  The reporter's transcript also indicates the court, itself, did not actually impose any fees and fines.

We therefore reverse the fees and fines and remand the matter to the trial court to impose fees and fines as required and within the sound exercise of its discretion.  (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  We further order that the clerk's minutes of February 7, 2014 and the commitment be corrected to show dismissal of count one.

## DISPOSITION

The matter is remanded for the imposition of fees and fines, and the clerk's minutes of February 7, 2014, and the commitment are ordered corrected to show dismissal of count 1.  In all other respects, the judgment is affirmed.

                                                      _____

                                                      Banke, J.

We concur:

_____

Humes, P. J.

_____

Margulies, J.